**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Sharron Salwei and Dennis Salwei, Civil File No. 00-888 (MJD/JGL)

Plaintiffs,

**DEFAULT JUDGMENT AND ORDER**

v.

North American Mortgage Company, and First Rate Mortgage Group, Ltd.,

Defendant.

---

This matter is before the Court on Plaintiff's motion for default judgment and an award of costs and attorneys' fees. In the underlying lawsuit, Plaintiff filed a complaint against Defendant for violations of the Truth in Lending Act and Federal Reserve Board Regulation Z, 15 C.F.R. section 226. Based on a review of all the files, records, and proceedings herein, the Court GRANTS Plaintiff's motion.

In a successful action to enforce a case under the Truth in Lending Act, the creditor is liable for reasonable attorney's fees and costs of the action. 15 U.S.C. §1640(a)(3). A reasonable fee is one that attracts competent counsel, but does not produce windfalls to the attorneys. See McDonald v. Armontrout, 860 F.2d 1456, 1458 (8th Cir. 1988)(citing Blum v. Stenson, 465 U.S. 886, 897 (1984). In statutory fee-shifting cases, the "lodestar" method provides a suitable basis for determining reasonable attorneys' fees. See Johnston et al. v. Comerica Mortgage Corp., 83 F.3d 241, 244 (8th Cir. 1996)(citing Court Awarded Attorney Fees, Report of the Third Circuit Task Force (Arthur R. Miller, Reporter), 108 F.R.D. 237). The lodestar is computed by multiplying the number of hours each attorney

NOV 15 2000

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

reasonably expended on the case by a reasonable hourly rate for each person. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Anderson v. Hunter, Keith, Marshall & Co., 417 N.W. 2d 619, 628-29 (Minn. 1988). Once the lodestar figure has been calculated, additional factors may lead the Court to adjust it, but many of these factors are subsumed within the initial lodestar calculation of hours "reasonably expended at a reasonable hourly rate." See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564, (1986) quoting Hensley, 461 U.S. at 434; Blum, 465 U.S. at 898-901(holding that additional factors may be considered only in rare and exceptional circumstances).

The Truth in Lending Act provides that "in the case of any successful action to enforce the foregoing liability, or in any action in which a person is determined to have a right of rescission under section 1635 of this title, [the unsuccessful defendant shall be liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court..." 15 U.S.C.A. §1640 (a)(3). This fee-shifting provision is meant to recompense counsel for time spent actually working on the litigation in question.

Plaintiffs' counsel have presented affidavits contained itemized listings of time spent, the manner in which it was spent and the hourly rate for both attorneys. In order to determine if the fee request is reasonable, the Court must exclude hours that are "excessive, redundant or otherwise unnecessary...." Hensley, 461 U.S. at 434. After careful consideration of the relevant case law and the materials presented by Plaintiffs' counsel, the Court finds that the billing request for the work of two attorneys, both senior litigators skilled in the resolution of such matters, is redundant in this situation and therefore not "reasonable" according to the Supreme Court. See id. Therefore, the Court will approve the fee request submitted by Plaintiff's attorney Mark Biglow, as he was the

attorney most closely involved in the actual preparation and presentation of this litigation.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Default Judgment is GRANTED. Plaintiffs are entitled to rescission of the credit transaction with defendant. Plaintiffs are not liable for any brokerage fees or any other sums arising out of this transaction.

2. Plaintiff's application for attorneys' fees and costs under the Truth in Lending Act is GRANTED. Plaintiff is awarded $11,025 in attorneys' fees and $246 for costs.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: 11-15, 2000.

Michael J. Davis
United States District Court Judge